Ross *v.* Hayne.

———— • • • ————

Ross *v.* HAYNE.

Latitude and discretion recognized in the examination of witnesses.

On a cross examination, it is not error to put questions to a witness, with the object of impeaching him by other testimony.

In an action of replevin, on the question of ownership, a conversation with the party who claimed, and had, the property in possession, may be admissible in evidence.

A failure to render judgment of cost against either party, is not ground for error.

| | |
|---|---|
| 3g | 211 |
| 86 | 497 |

| | |
|---|---|
| 3g | 211 |
| 102 | 386 |

| | |
|---|---|
| 3g | 211 |
| 107 | 382 |

ERROR *to Wapello District Court.*

*Opinion by* KINNEY, J. This was an action of replevin, brought by plaintiff against the sheriff of Wapello county,

to recover property taken on attachment against William G. Ross, at the suit of James Hawley ; verdict and judg-. ment in the district court, for the defendant, for a portion of the property replevied, the jury having found the same to have been the property of William G. Ross, at the time the attachment was sued out. The plaintiff brings the case to this court on a writ of error, and assigns for error :

1st.   The court erred in permitting the defendant in error to examine the witness, Lewis, as to what the witness, Sinnamon, had stated, for the purpose of impeaching said witness.

2d.   The court erred in admitting the testimony of Sears and Gaylord as to what William G. Ross said, with reference to the property in dispute.

3d.   The court erred in not rendering judgment against the defendant for cost.

The first and second assignments are made upon the ruling of the court, as contained in the bill of exceptions. It appears that Sinnamon was called as a witness for plaintiff.   He was examined in chief, and then cross-examined by the defendant, after which, he left the stand.   The plaintiff having rested his case, the defendant, in the course of his evidence, called the said witness again, and asked him whether he had not sold the cattle, before referred to, to William G. Ross, and the witness said not.   He was then asked whether he had not told Mr. Lewis that said William G. Ross had purchased the cattle of him, he said he had not.   The defendant then called said Lewis, and asked him to detail any conversation he had had with said witness, as to the purchase of said oxen by said William G. Ross, of him, said Sinnamon.   To this plaintiff objected, on the ground that a party could not thus introduce a witness for the purpose of impeaching him, and then proceed to do it. But the court—from the fact that the trial had been conducted irregularly on both sides, to some extent without objection, under these considerations—permitted the defendant

Ross v. Hayne.

to treat the last examination of the witness as a continuation of his first cross-examination of him, and so allowed the interrogatory to be put and answered by way of contradicting the witness; to which the plaintiff excepted.

In view of the manner in which this trial was conducted and the irregularities that were permitted, without objection on either side, we cannot think this ruling of the court sufficient to reverse this case.

It seems that a departure from the strict rules, appliable to the examination of witnesses, had been tolerated by the court with the consent of counsel, and hence the court permitted the witness to answer an interrogatory, which, under other circumstances, would probably have been improper. As a general rule, a party cannot call a witness, and after obtaining his testimony, call another one for the purpose of impeaching or contradicting the facts sworn to. But it will be recollected that Sinnamon was called as the witness of plaintiff, and as such, the defendant had a right to impeach him, and could have asked him any interrogatory for this purpose while on his cross-examination. If, then, the facts elicited, when the witness was called to the stand by the defendant, had been adduced on the cross-examination, there is no doubt but that the defendant could have called the witness, Lewis, to contradict the statement of Sinnamon. The court took this view of it, and considered the examination as a continuation of the cross-examination. We think the court in the exercise of that discretion which belongs to all courts, could properly do so, and the ruling on that point was not error.

From the bill of exceptions, it appears that Sears and Gaylord were offered by the defendants as witnesses to prove certain conversations that they had had with William G. Ross, at the time he was in possession of part of the property in controversy, as to the ownership thereof; to which plaintiff objected, but the objection was overruled and the testimony ruled by the court to be admissible.

We see no objection to this ruling of the court. The question of title to the property, was the question at issue. On the one hand it was claimed by the plaintiff, John W. Ross, to be in him; while the sheriff, on the other hand, was insisting that the property, at the time it was attached, was the property of William G. Ross, against whom the attachment issued. The fact that the property was in the possession of William G. Ross, taken in connection with his statements in relation to the ownership, though not conclusive evidence, as to whom the property belonged, we think was proper to go to the jury for their consideration. While John could not be divested of his title by the mere declarations of William, yet the fact that William claimed it as his own, was a circumstance on which the jury might place such reliance and attach such importance as the whole facts of the case would seem to justify.

The error assigned in relation to costs, it is not necessary to notice further than to say, that it does not appear from the record that the plaintiff is at all injured by reason of a judgment for costs not having been entered against the defendant.

It does not appear from the record, that judgment for costs was entered against either party, hence neither have a right to complain.

Judgment affirmed.

*Geo. G. Wright*, for plaintiff in error.

*H. B. Hendershott*, *B. Jones* and *A. Hall*, for defendant.